| | |
|---|---|
| CHAMBERS OF<br>BETH P. GESNER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-4288 |

June 7, 2017

Paul R. Schlitz, Jr., Esq.
Mering and Schlitz, LLC
343 N. Charles St., 3rd Fl
Baltimore, MD 21201

Jennifer H. Stinnette, Esq.
Social Security Administration
6401 Security Blvd., Rm. 617
Baltimore, MD 21235

Subject: Kimberly Tucker v. Carolyn W. Colvin, Acting Commissioner of Social Security
Civil No.: BPG-16-1946

Dear Counsel:

Pending before this court, by the parties' consent (ECF Nos. 2, 7), are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") (ECF Nos. 14, 15) and Defendant's Motion for Summary Judgment ("Defendant's Motion") (ECF No. 18). The undersigned must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. §§ 405(g), 1383(c)(3); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by statute, 20 C.F.R. § 416.927(d)(2). I have reviewed the pleadings and the record in this case and find that no hearing is necessary. Loc. R. 105.6. For the reasons noted below, Plaintiff's Motion (ECF Nos. 14, 15) is denied, Defendant's Motion (ECF No. 18) is denied, the Commissioner's decision is reversed, and the case is remanded to the Commissioner for further consideration.

**I. Background**

On April 10, 2012, plaintiff filed a Title II application for a period of disability and disability insurance benefits, and protectively filed a Title XVI application for supplemental security income, both alleging disability beginning on August 3, 2011. (R. at 206–15.) Her claims were initially denied on July 26, 2012 (id. at 76–99, 130–37), and on reconsideration on February 12, 2013 (id. at 100–29, 145–46, 149–50). After a hearing held on September 11, 2014, an Administrative Law Judge ("ALJ") issued a decision on October 31, 2014 denying benefits based on a determination that plaintiff was not disabled. (Id. at 28–46.)

The Appeals Council denied plaintiff's request for review on April 27, 2016, making the ALJ's opinion the final and reviewable decision of the Commissioner. (Id. at 1–7.) Plaintiff challenges the Commissioner's decision on the grounds that the ALJ: (1) failed to respond to counsel's request for a subpoena for plaintiff's mental health records; (2) failed to properly evaluate the severity of plaintiff's obesity; (3) improperly discredited a treating physician's opinion; and (4) improperly evaluated plaintiff's residual functional capacity ("RFC"). (ECF No. 15-1 at 11–16.)

## II.  Discussion

First, plaintiff argues that the ALJ failed to respond to plaintiff's request to subpoena her mental health records, and improperly relied on the opinion of a single consultative examiner to conclude that plaintiff's depression was non-severe. (Id. at 11–12.) "When it is reasonably necessary for the full presentation of a case," an ALJ may, at the request of a party, issue subpoenas for the production of records or other documents that are material to an issue at the hearing. 20 C.F.R. §§ 404.950(d)(1), 416.1450(d)(1). The party wishing to subpoena documents must file a written request, which must include the names of the documents to be produced; describe the location of the documents with sufficient detail to find them; state the important facts that the document is expected to prove; and indicate why those facts could not be proven without issuing a subpoena. Id. §§ 404.950(d)(2), 416.1450(d)(2). Here, it is plain from the record that plaintiff's subpoena request did not comply with the regulations. (See R. at 177–81.) Nevertheless, the ALJ should have notified plaintiff of the deficiencies in her request and denied it on the record, rather than simply ignoring it. Particularly considering that plaintiff's request included treatment records from plaintiff's treating mental health physician, Dr. Veronica Franklin, in the absence of those records, the ALJ's evaluation of Dr. Franklin's opinion cannot, as a matter of law, be supported by substantial evidence. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (requiring ALJ to give "controlling weight" to a treating physician's opinion so long as the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques"). Accordingly, remand is warranted on this issue.

Second, plaintiff contends that the ALJ did not properly account for plaintiff's obesity in evaluating plaintiff's RFC, and failed to consider how plaintiff's obesity exacerbated her degenerative disc disease, arthritis, and depression. (ECF No. 15-1 at 12–13.) According to SSR 02-1p, "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002). Accordingly, SSR 02-1p instructs the ALJ to "consider the effects of obesity . . . when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." Id. In this case, the ALJ determined that plaintiff's obesity was severe and noted that it may have an adverse impact on other impairments. (R. at 34.) Specifically, the ALJ observed that "[s]omeone with obesity and arthritis . . . may have more pain and limitation than might be expected from arthritis alone," and that "obesity may limit an individual's ability to sustain activity on a regular and continuing basis during an eight-hour day." (Id.) Although the ALJ correctly noted these considerations, she failed to apply them in plaintiff's case. Indeed, besides these general remarks and a recitation of the regulations, the ALJ does not so much as mention plaintiff's obesity at any other point in her opinion. Thus, the court has no basis by which to determine whether the ALJ properly considered plaintiff's obesity in assessing plaintiff's work-related limitations at step four of the sequential evaluation. See Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling [including] specific application of the pertinent legal requirements to the record evidence.") Accordingly, the court concludes that the ALJ's evaluation of plaintiff's obesity is not supported by substantial evidence.

Next, plaintiff argues that the ALJ improperly rejected the opinion of plaintiff's treating physician, Dr. Franklin. (R. at 13–15.) The ALJ must generally give more weight to a treating physician's opinion. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, however, the ALJ should afford it significantly less weight. Id.; Craig, 76 F.3d at 590. If the ALJ does not give a treating source's opinion controlling weight, the ALJ must assign weight after considering several factors, including the length and nature of the treatment relationship, the degree to which the physician's opinion is supported by the record as a whole, and any other factors that support or contradict the opinion. 20 C.F.R. §§ 404.1527(c)(1)–(6), 416.927(c)(1)–(6). Here, Dr. Franklin opined that plaintiff had poor to no ability to relate to co-workers; deal with the public; interact with supervisors; deal with work stressors; understand, remember, and carry out complex and detailed job instructions; behave in an emotionally stable manner; and relate predictably in social situations. (R. at 750–51.) The ALJ, however, failed to assign Dr. Franklin's opinion any weight at all, noting only that "Dr. Franklin's opinion is not consistent with the treatment record." (Id. at 39.) As noted above, however, the record that the ALJ considered did not include Dr. Franklin's own treatment history. Although the ALJ noted that plaintiff's mental status examination findings were "essentially unremarkable," (id.), she did not explain in any reviewable detail why the results of non-treating medical sources warranted rejecting Dr. Franklin's opinion wholesale. Further, the ALJ stated that "while Dr. Franklin opines that the claimant has poor to no ability in interacting with others, the claimant reported . . . that she goes out in public daily and interacts with friends and close family." (Id.) Plaintiff can hardly be penalized for going out in public, and the fact that plaintiff's social interactions are limited to friends and close family does not, in and of itself, undermine Dr. Franklin's findings of poor ability to interact with co-workers and other members of the public.

Finally, plaintiff argues that the above-noted failures in the ALJ's analysis resulted in an erroneous RFC determination. For the reasons discussed above, the court concludes that remand is warranted so that the Commissioner may correct the errors in its analysis, and re-evaluate plaintiff's RFC accordingly. In so holding, the court expresses no opinion on the merits of the Commissioner's decision.

### III. Conclusion

For the reasons stated above, Plaintiff's Motion (ECF Nos. 14, 15) is DENIED and Defendant's Motion (ECF No. 18) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

      Despite the informal nature of this letter, it will constitute an Order of the court and will be docketed accordingly.

                                           Very truly yours,

                                              / s /

                                         Beth P. Gesner
                                         United States Magistrate Judge